JS-6

```
                    FILED
          CLERK, U.S. DISTRICT COURT

             AUG 29 2008

      CENTRAL DISTRICT OF CALIFORNIA
                              DEPUTY
```

1  Anna Y. Park, CA SBN 164242
   Derek W. Li, CA SBN 140122
2  U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
3  255 East Temple Street, Fourth Floor
   Los Angeles, CA 90012
4  Telephone: (213) 894-1077
   Facsimile: (213) 894-1301
5  E-Mail: lado.legal@eeoc.gov

6  Attorneys for Plaintiff
   U.S. EQUAL EMPLOYMENT
7  OPPORTUNITY COMMISSION

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12 U.S. EQUAL EMPLOYMENT          )  Case No.: CV 06-1915-DDP (SSx)
   OPPORTUNITY COMMISSION,        )
13                                )  [PROPOSED] CONSENT DECREE
                                  )
14         Plaintiff,             )
                                  )
15     vs.                        )
                                  )
16                                )
   CATHOLIC HEALTHCARE WEST,      )
17 d/b/a NORTHRIDGE HOSPITAL      )
   MEDICAL CENTER, AND DOES 1 –   )
18 10, inclusive,                 )
                                  )
19                                )
                                  )
20         CHW/NHMC.              )

21

22

23

24

25

26

27

28

-1-

# I.

## INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC," "Commission," or "Plaintiff") and CHW/NHMC Catholic Healthcare West, d/b/a Northridge Hospital Medical Center ("CHW/NHMC") hereby stipulate and agree to entry of this Consent Decree to resolve the Commission's Complaint, filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the Pregnancy Discrimination Act of 1978 ("PDA") and Title I of the Civil Rights Act of 1991. The Commission's complaint alleges that CHW/NHMC discriminated against Charging Party Avril Betoushana and similarly situated women on the basis of their gender (female) because of their pregnancy in violation of Title VII and the PDA. In the course of the litigation, the EEOC identified Diana Girard-Simone as the only other class member.

# II.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

A.     The parties to this Consent Decree ("Decree") are the EEOC and CHW/NHMC. The injunctive relief provisions in Sections IX and X apply to the CHW/NHMC's facility at Northridge Hospital Medical Center, Northridge, California. This Decree shall be binding on and enforceable against CHW/NHMC and its officers, directors, agents, successors, and assigns.

B.     The parties have entered into this Decree for the following purposes:

    1.     To provide appropriate monetary and injunctive relief;

    2.     To ensure that CHW/NHMC's employment practices comply with federal law;

    3.     To ensure a work environment free from hostility and retaliation;

4. To ensure training for CHW/NHMC's managers and employees exposed to radiation with respect to their obligations under Title VII; and

5. To provide an appropriate and effective mechanism for handling complaints of pregnancy discrimination, harassment, and retaliation for such complaints in the workplace.

This Decree resolves all claims the EEOC has brought or could have brought against CHW/NHMC arising out of this Complaint. On January 3, 2008, the Court found that CHW/NHMC is liable for discrimination in violation of Title VII and the Pregnancy Discrimination Act.

## III.

## RELEASE OF CLAIMS

A. This Decree fully and completely resolves all issues, claims, and allegations by the EEOC against CHW/NHMC that are raised in the Complaint filed in this action in the United States District Court, Central District of California on March 30, 200, captioned *U.S. Equal Employment Opportunity Commission v. Catholic Healthcare West d/b/a Northridge Hospital Medical Center,* Case No. 06-1915 DDP (SSx) (the "Complaint").

B. Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that the CHW/NHMC hereto fails to perform the promises and representations contained herein.

C. Nothing in this Decree shall be construed to limit or reduce CHW/NHMC's obligation to comply fully with Title VII or any other federal employment statute.

D. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against CHW/NHMC in accordance with standard EEOC procedures.

## IV.

## JURISDICTION

A.     The Court has jurisdiction over the parties and the subject matter of this lawsuit. The Complaint asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.  The terms and provisions of this Decree are fair, reasonable and just.  This Decree conforms with the Federal Rules of Civil Procedure, Title VII, and PDA and is not in derogation of the rights or privileges of any person.

B.     The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.

## V.

## EFFECTIVE DATE AND DURATION OF DECREE

A.     The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B.     Except as otherwise provided herein, this Decree shall remain in effect for two years and nine months after the Effective Date.

## VI.

## MODIFICATION AND SEVERABILITY

A.     This Decree constitutes the complete understanding of the parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the parties.

B.     If one or more provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  In

-4-

any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the parties' best efforts, be achieved.

C.     By mutual agreement of the parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

## VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.     The parties expressly agree that if the Commission has reason to believe that CHW/NHMC has failed to comply with any provision of this Consent Decree, the Commission may bring an action before this Court to enforce the Decree. Prior to initiating such action, the Commission will notify CHW/NHMC and its legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) that the Commission believes to be breached by CHW/NHMC. Absent a showing that the delay will cause irreparable harm, CHW/NHMC shall have thirty (30) days to attempt to resolve or cure the breach.

B.     The parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C.     After thirty (30) days have passed with no resolution or agreement to extend the time further, the Commission may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree for such period of time as CHW/NHMC is shown to be in breach of the Decree.

## VIII.

## MONETARY RELIEF

A.     In settlement of this lawsuit, CHW/NHMC shall pay a total of $155,000 to resolve this action. The distribution of monies to Charging Party Avril

Betoushana and Class Member Diana Girard-Simone shall be made at the sole discretion of the EEOC.

B.     The EEOC has determined that the amounts to be distributed to Avril Betoushana and Diana Girard-Simone should be designated as compensatory non-economic damages. Within five days of the Court's approval and entry of the Consent decree, CHW/NHMC shall forward via certified mail the checks in the amount instructed by the EEOC to Avril Betoushana and to Diana Girard-Simone.

C.     Based on the EEOC's designation of the amounts to be distributed, no withholding will be made. For those amounts designated as payment for non-economic damages, CHW/NHMC shall prepare and distribute the 1099 tax reporting forms to each individual identified by the EEOC, and shall make appropriate reports to the Internal Revenue Service and other tax authorities.

D.     Within three (3) business days of the issuance the settlement checks, CHW/NHMC shall submit a copy of each check and related correspondence to the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

## IX.

## GENERAL INJUNCTIVE RELIEF

**A.     Non-Discrimination and Retaliation**

    **1.     No Pregnancy Discrimination and Harassment**

CHW/NHMC, its officers, agents, management (including all supervisory employees), successors, assigns, employees, and human resources personnel, or any of them hereby are enjoined from: (a) discriminating and harassing on the basis of sex due to pregnancy in the terms and conditions of employment in violation of Title VII and the PDA; and (b) engaging in or being a party to any action, policy or practice that is intended or is known to them to have the effect of

discriminating and harassing on the basis of sex due to pregnancy in violation of Title VII and the PDA.

### 2.    No Retaliation

CHW/NHMC, its officers, agents, management (including all supervisory employees), successors, assigns, employees, and human resources personnel, or any of them, hereby are enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of CHW/NHMC because he or she has in the past, or during the term of this Decree: (a) opposed pregnancy discrimination or harassment; (b) filed a charge of discrimination or harassment alleging such practice; (c) testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by CHW/NHMC), proceeding in connection with this case and/or relating to any claim of pregnancy harassment or discrimination; (d) was identified as a possible witness or claimant in this action; (e) asserted any rights under this Decree; or (f) sought or received any relief in accordance with this Decree.

### B.    Posting

Within ten (10) business days after the Effective Date and throughout the term of this Decree, CHW/NHMC shall post notice in the form attached as Exhibit "A" in a clearly visible location frequented by employees whose duties expose them to radiation at its facility.  The notice shall remain posted for two years and nine months.

### C.    Equal Employment Opportunity Consultant

Within thirty (30) days after the Effective Date, CHW/NHMC shall retain as an Equal Employment Opportunity Consultant ("Consultant"), Carla Barboza ("Barboza") to monitor CHW/NHMC's compliance with Title VII and the provisions of this Decree.  CHW/NHMC shall bear all costs associated with the

selection and retention of Barboza and the performance of her duties. Barboza's responsibilities shall include:

1.    ensuring that CHW/NHMC effectively carry out its obligations under the Consent Decree.

2.    ensuring that CHW/NHMC's policy and procedures do not discriminate against its employees on the basis of pregnancy in violation of Title VII and the PDA.

3.    ensuring that employees covered by the Consent Decree are trained as to their rights and responsibilities under Title VII and the PDA as to pregnancy discrimination, harassment, and retaliation for such complaints;

4.    ensuring that supervisors of employees who are exposed to radiation and human resources employees covered by the Consent Decree are trained as to their rights and responsibilities under Title VII and the PDA as to pregnancy discrimination, harassment, and retaliation for such complaints;

5.    ensuring that CHW/NHMC's investigation and handling of complaints of pregnancy discrimination, harassment, and retaliation for such complaints are in compliance with the law;

6.    ensuring that CHW/NHMC properly communicates with complainants of pregnancy discrimination regarding the complaint procedure, status of the complaint investigation, results of the investigation, and any remedial action taken;

7.    ensuring that CHW/NHMC's reports required by this Decree are accurately compiled and timely submitted;

8.    ensuring that CHW/NHMC creates a centralized system of tracking of complaints of discrimination due to the employee's pregnancy;

9.    monitoring and tracking complaints by CHW/NHMC's employees of pregnancy discrimination, harassment, and retaliation for such complaints.

Barboza shall also monitor CHW/NHMC's investigation and resolution of such complaints. If necessary, Barboza can provide advice to CHW/NHMC as to how to handle the complaints. Barboza shall retain records regarding the resolution of all such complaints and CHW/NHMC's response to Barboza's advice on how to handle the complaints.

10.    preparing a report due annually from the Effective Date on CHW/NHMC's progress and its compliance under this Decree. Barboza shall ensure compliance with the foregoing provisions for the term of the Decree.

**D.    Policy Against Pregnancy Discrimination, Harassment, and Retaliation**

CHW/NHMC shall, within thirty (30) business days after the Effective Date, provide to the Commission a copy of its policy or policies at its facility at Northridge Hospital Medical Center, Northridge, California regarding pregnant employees whose duties exposed them to radiation. Such policy or policies should include:

1.    A clear explanation that pregnancy discrimination and harassment are prohibited;

2.    A clear policy regarding pregnant employees in compliance with Title VII and the PDA.

3.    Assurance that employees who make complaints of harassment/ discrimination or provide information related to such complaints will be protected against retaliation;

4.    A clearly described complaint process that provides accessible and confidential avenues of complaint with contact information including name (if applicable), address, and telephone number of persons both internal (i.e., human resources) and external to CHW/NHMC (i.e., Commission and Consultant available to handle complaints concerning high level company officials of CHW/NHMC's hierarchy) to whom employees may report discrimination and

retaliation, including a written statement that the employee may report the discriminatory behavior to designated persons outside their chain of management;

5.     Assurance that the employer will protect the confidentiality of complaints of pregnancy discrimination and retaliation to the extent possible;

6.     A complaint process that provides a prompt, thorough, and impartial investigation;

7.     A procedure for communicating with the complainant in writing regarding the status of the complaint/investigation, results of the investigation, and any remedial action taken; and

8.     Assurance that CHW/NHMC will take immediate and appropriate corrective action when it determines that pregnancy discrimination and/or retaliation has occurred.

9.     An explanation of the risk of occupational radiation exposure by referring to and by attaching the U.S. Nuclear Regulatory Commission Regulatory Guide 8.13 ("Instruction Concerning Prenatal Radiation Exposure") and Regulatory Guide 8.29 ("Instruction Concerning Risks from Occupational Radiation Exposure") so that the employees will understand the actual risk of radiation exposure to exercise their rights under Title VII and the PDA.

EEOC shall have the opportunity to comment on the policy within forty-five (45) days of receipt.  Should the policy not require any revision, CHW/NHMC shall confirm distribution of the policy no later than thirty (30) business days after the forty-five (45) day period.  The policy shall be distributed to all employees, whose duties expose them to radiation, including management/ supervisory staff, and shall be included in any relevant policy or employee manuals distributed to such employees by CHW/NHMC.  CHW/NHMC shall maintain acknowledgments from each employee who receives the revised policy.

**E.      Training**

No later than 120 days from the Effective Date, all employees whose duties expose them to radiation, managerial / supervisory employees who supervise employees whose duties expose them to radiation, and human resources employees who are directly involved in policy making and decisions related to pregnancy shall be required to attend a training program as approved by Barboza as being in compliance with the Consent Decree.  Subsequent training approved by Barboza shall be mandatory and occur once every year for the term of this Decree.  Any manager, supervisor, or employees who fail to attend scheduled training shall be trained within (30) days of the training set forth above.  Barboza will determine whether per diem employee who work fewer than five days per quarter in a position with duties which expose them to radiation will be provided with the training in compliance with the Consent Decree and the nature of such training, if any.

**1.      Training for Employees Whose Duties Expose Them to Radiation**

Training for all employees whose duties expose them to radiation shall include:

a.      their rights under Title VII, PDA, and CHW/NHMC's revised policy against pregnancy discrimination, harassment, and retaliation for such complaints, and their rights under CHW/NHMC's revised policies and procedures for reporting and handling of complaints of pregnancy discrimination, harassment, and retaliation for such complaints.

b.      the procedures and instructions for pregnant employees set forth in U.S. Nuclear Regulatory Commission Regulatory Guide 8.13 ("Instruction Concerning Prenatal Radiation Exposure").  The training should also include an explanation of the risk of occupational radiation exposure by referring to and including a copy of the U.S. Nuclear Regulatory Commission

Regulatory Guide 8.13 ("Instruction Concerning Prenatal Radiation Exposure") and Regulatory Guide 8.29 ("Instruction Concerning Risks from Occupational Radiation Exposure") so that the employees will understand the actual risk of radiation exposure to exercise their rights under Title VII and the PDA. The training shall include a question / answer session with a "live" trainer who can respond to questions by the employees.

2. **Training for Supervisors / Managers of Employees Whose Duties Expose Them to Radiation and for Human Resources Employees**

Training for all supervisors / managers of employees whose duties expose them to radiation and for Human Resources Employees who are directly involved in policy making and decisions related to pregnancy shall include:

a. the training that is provided to employees whose duties expose them to radiation as set forth in this Consent Decree;

b. how to properly handle and investigate complaints of pregnancy discrimination, harassment, and/or retaliation for such complaints in a neutral manner; and how to take preventive and corrective measures against pregnancy discrimination, harassment, and/or retaliation for such complaints.

3. For the remainder of the term of this Decree, the employees covered by the Consent Decree, including all new employees whose duties expose them to radiation, employees promoted to managerial / supervisory positions of such new employees, and human resources employees promoted into such positions shall receive the employee and/or managerial / supervisory training, as appropriate, within thirty (30) days of hire or promotion.

4. After the initial training as specified above, the employees covered by the Consent Decree, including all new employees whose duties expose them to radiation, managerial / supervisory employees of such new employees, and human resources employee covered by the Consent Decree shall receive the

training specified in this section at least annually thereafter for the remainder of the term of this Decree.

5.    All employees required to attend such training in this section shall verify their annual attendance in writing.

6.    Barboza is to review the employees to be subjected to the training provisions as stated in the Consent Decree. In the event that Barboza determines that CHW/NHMC is not in compliance with the Consent Decree with respect to the employees are to be trained, Barboza is authorized to determine which employees to be trained.

7.    Within forty-five (45) days after the Effective Date or fifteen (15) days after hiring Barboza, whichever is later, CHW/NHMC shall submit to the EEOC a description of the training to be provided and an outline of the curriculum developed for the trainees. EEOC shall notify CHW/NHMC within twenty-one (21) days of any changes to the training. CHW/NHMC shall give the EEOC a minimum of ten (10) business days' advance written notice of the date, time and location of each "live" training program provided pursuant to this Decree, and agrees that an EEOC representative may attend any such training program.

**F.    Complaint Procedure**

Within sixty (60) days of the Effective Date, CHW/NHMC shall ensure that it has publicized an internal complaint procedure to provide for the filing, investigation and, if appropriate, remedying of complaints of pregnancy discrimination and/or retaliation for employees whose duties expose them to radiation.

CHW/NHMC shall:

1.    publicize the complaint procedure;

2.      track and collect all complaints of pregnancy discrimination, harassment, and retaliation of such complaints filed thereunder;

3.      investigate and resolve such complaints in a timely and effective manner; and

4.      retain records regarding resolution of all such complaints.

5.      provide records of complaints of pregnancy discrimination, harassment, and retaliation to Barboza for review so she can track and monitor such complaints.

6.      The internal complaint procedure shall incorporate the following elements:

    a.      A policy describing how investigations will be conducted;

    b.      A prompt commencement and thorough investigation by CHW/NHMC's employee trained to conduct such investigations who is not connected with the complaint;

    c.      A statement that an investigation should include interviews of all relevant witnesses, including the complainant, and reviews of all relevant documents;

7.      A written record of all investigatory steps, and any findings and conclusions, and any actions taken;

8.      Provision for the reasonably prompt resolution of such complaints;

9.      An opportunity for a the complainant to review and respond to tentative findings, except in those circumstances in which it is necessary to take immediate action;

10.     Confidentiality of the complaint and investigation to the extent possible;

11.     Appropriate communication of the final conclusions of the investigation provided to the complainant;

12.    An appeal procedure to an appropriate CHW/NHMC's representative, should the complainant be dissatisfied with the results of the investigation; and

13.    A notice that employees or applicants complaining of pregnancy discrimination, harassment, and retaliation of such complaints may use the company's internal complaint procedure and contact information for the EEOC and the Department of Fair Employment and Housing.  The notice shall also state that filing an internal complaint does not relieve the complainant of meeting any applicable deadline for the filing of a charge or complaint with EEOC and DFEH.

13.    CHW/NHMC may encourage resolution of internal complaints at a local level prior to investigation, but not require such informal resolution.  A complainant shall not be required to first report the complaint to a person who is accused of the inappropriate conduct to invoke the Internal Complaint Procedure.

14.    The Internal Complaint Procedure will permit, but not require, an employee to initiate the complaint process by submitting a written complaint on a form designed for the purpose.

15.    The Internal Complaint Procedure is not intended to supplant the right of any employee to file a charge or complaint of discrimination or retaliation under any available municipal, state, or federal law.

16    CHW/NHMC shall publish with the Internal Complaint Procedure the following elements that will be included in the procedure:

a.    A statement that it is unacceptable to retaliate against any associate for use of the Internal Complaint Procedure, for assisting in the investigation of a complaint, or for otherwise assisting in the utilization of the procedure.

b.      A statement that if an allegation of discrimination or retaliation against a manager or other associate is substantiated, then such conduct will result in appropriate discipline, up to and including discharge.

## X.

## RECORD KEEPING AND REPORTING

**A.    Record Keeping**

CHW/NHMC shall establish a record-keeping procedure that provides for the centralized tracking of complaints of pregnancy discrimination and for the monitoring of such complaints to prevent retaliation. The records to be maintained shall include:

1.      All documents generated in connection with any complaint, investigation into, or resolution of every complaint of pregnancy discrimination, harassment, or retaliation of such complaints for the duration of the Decree and the identities of the parties involved;

2.      All forms acknowledging employees' receipt of CHW/NHMC's policy for employees whose duties exposed them to radiation which complies with Title VII and the PDA against pregnancy discrimination, harassment, and retaliation for such complaints;

3.      All documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree; and

4.      Documents tracking and analyzing complaints of pregnancy discrimination, harassment, and/or retaliation filed by employees; and CHW/NHMCs' investigation and resolution of such complaints.

The foregoing documents shall be summarized in the semi-annual reports set forth below.

**B.    Reporting**

In addition to the notices to the EEOC specified above, CHW/NHMC shall provide, without assertion of the attorney-client privilege or attorney work product, the following reports to the EEOC in writing, by mail or facsimile:

1.    Within ninety (90) days after the Effective Date, CHW/NHMC shall submit to the EEOC an initial report which contains:

(a)    A copy of the revised policy against pregnancy discrimination, harassment, and retaliation for such complaints for employees whose duties expose them to radiation;

(b)    A summary of the procedures and record-keeping methods developed with Barboza for centralized tracking of pregnancy discrimination complaints and the monitoring of such complaints;

(c)    A statement confirming that the required notices pertaining to this Decree and the revised policy against pregnancy discrimination, harassment, and retaliation for such complaints has been posted in a clearly visible location frequented by employees whose duties exposed them to radiation; and

(d)    Copies from all employee whose duties expose them to radiation acknowledgment forms indicating receipt of the revised policy against pregnancy discrimination, harassment, and retaliation for such complaints.

2.    CHW/NHMC shall also provide the following reports semi-annually throughout the term of this Decree:

(a)    The attendance lists of all attendees for all training sessions required under this Decree that took place during the previous six months;

(b) Acknowledgments of receipt of the revised policy against pregnancy discrimination, harassment, and retaliation for such complaints for all employees hired during the previous six months whose duties expose them to radiology;

(c) A summary of all complaints of pregnancy discrimination, harassment, and retaliation for such complaints made since the submission of the immediately preceding report hereunder. This summary shall include: (1) the date the complaint was received; (2) the nature of the complaint of discrimination, harassment, and/or retaliation for such complaints. Upon the EEOC's request, CHW/NHMC will reveal the identity of the employees and the parties involved; (3) the date the complaint was resolved; (4) a summary of CHW/NHMC's findings with respect to the complaint; (5) a summary of any corrective action taken in response to the complaint; (6) the names of CHW/NHMC's managers and human resources personnel who were involved in the receipt, investigation, and resolution of the complaint. If Barboza provides suggestions or advice to the handling of such complaints, the summary should include an explanation as to whether the advice was followed or why the advice was not followed

(d) An analysis of the monitoring done for multiple complaints by or against the same employee; and investigation of complaints; and

(e) CHW/NHMC shall provide a report to the EEOC detailing any changes of the procedures or record-keeping methods for centralized tracking of complaints of pregnancy discrimination, harassment, and retaliation for such complaints, and the monitoring of such complaints within thirty (30) days before implementing such changes.

# XI.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION
## OF CONSENT DECREE

CHW/NHMC shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

# XII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

# XIII.

## MISCELLANEOUS PROVISIONS

A.      During the term of this Consent Decree, CHW/NHMC shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of Northridge Hospital Medical Center facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.      During the term of this Consent Decree, CHW/NHMC and its successors shall assure that each of its officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

//

//

C.     Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA. 90012.

D.     The parties agree to entry of this Decree and judgment subject to final approval by the Court.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: 8/18/08                          By: _____
                                             Anna Y. Park
                                             Attorneys for Plaintiff

CATHOLIC HEALTHCARE WEST

Dated: 8/21/08                          By: _____
                                             Attorneys for CHW/NHMC

[PROPOSED ORDER]

**GOOD CAUSE APPEARING:**

        The Court hereby retains jurisdiction and the provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is **HEREBY ORDERED.**

        **IT SO ORDERED.**

Dated: 8-29-08                          _____
                                        United States District Court Judge

-20-

1
2          **EXHIBIT A**
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28         **EXHIBIT A**

--                                                              2

# EXHIBIT "A"

## NOTICE TO ALL EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *U.S. Equal Employment Opportunity Commission v. Catholic Healthcare West (d.b.a Northridge Medical Hospital Medical Center)*, Case No. 06-1915 DDP (SSx), settling a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC").

In its suit, the EEOC alleged that *Catholic Healthcare West (d.b.a Northridge Medical Hospital Medical Center)* ("Defendant") discriminated against Charging Party and a class of similarly situated employees in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pregnancy Discrimination Act of 1978 ("PDA"). On January 3, 2008, the Court found that Defendant is liable for discrimination in violation of Title VII and the Pregnancy Discrimination Act.

To resolve this lawsuit the parties have entered into a Consent Decree which requires, among other things, that Defendant provide monetary relief of $155,000 and injunctive relief, including training of its employees whose duties expose them to radiation on EEO law and reports regarding its employment practices to the EEOC. The injunctive relief further includes the prohibition of pregnancy discrimination and harassment, and retaliation against those who file complaints of pregnancy discrimination and harassment.

The EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, pregnancy, and age. If you believe you have been discriminated against, you may contact the EEOC at 255 E. Temple St., 4th Fl., Los Angeles, CA 90012, telephone number (213)894-1000 / 213-894-1077. The EEOC charges no fees and has employees who speak languages other than English.

No action may be taken against you by any management official of Defendant for: (1) opposing discriminatory practices made unlawful by federal law, (2) filing a charge or assisting or participating in the filing of a charge of discrimination, or (3) assisting or participating in an investigation brought under Title VII. Should any such retaliatory actions be taken against you, you should contact the EEOC at the address listed above.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for two years and nine months from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: EEOC, 255 E. Temple Street, 4th Fl., Los Angeles, California 90012 (213-894-1000; 213-894-1077).**

Date: _8-29-08_                    _____
                                   U.S. District Judge

-1-